UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CHERI BELL MOORE**                                   **CIVIL ACTION**

**VERSUS**                                             **NO: 06-4229**

**ALLSTATE INSURANCE COMPANY**                         **SECTION: "K"(2)**

## ORDER AND REASONS

Before the Court is the Motion to Remand (Rec.Doc.No. 4) of Plaintiff Cheri Bell Moore. For the reasons assigned below, the Court finds that Plaintiff's motion is without merit and hereby denies the motion.

## I. BACKGROUND

Plaintiff Cheri Bell Moore, a Louisiana domiciliary, filed her Petition in Civil District Court in Orleans Parish, Louisiana, on July 10, 2006. Defendant Allstate Insurance Company ("Allstate"), an Illinois domiciliary, subsequently filed a notice of removal on August 10, 2006, alleging that the Court has subject matter jurisdiction over the proceeding pursuant to 28 U.S.C. § 1332. Plaintiff filed this motion to remand on August 17, 2006, contending that 1) the amount in controversy does not exceed $75,000, thus, diversity jurisdiction does not exist; and 2) the suit was not removed within the thirty days allowed for by 28 U.S.C. § 1446(b).

## II. LEGAL STANDARD

In cases removed from state court, the removing party has the burden of establishing federal jurisdiction over the controversy. *Vasquez v. Alto Bonito Gravel Plant Corp.*, 56 F.3d 689, 692 (5th Cir. 1995); *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992); *Kidd v. SouthwestAirlines Co.*, 891 F.2d 540, 543 (5th Cir. 1990); *see also* Wright, Miller & Cooper, *Federal Practice and Procedure,* § 3739, at 470 (noting that it "is well-settled...[that] the removing party bears the burden of proof as to all elements of the removal's propriety").

Furthermore, federal courts have been directed to construe the removal statute against removal and in favor of remand to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Crane v. New Orleans Real Estate Investors Ass'n, Inc.*, 2004 WL 1555253 (E.D.

La. July 8, 2004). This rule of strict construction is "consistent with the notion that federal courts are courts of limited jurisdiction." Wright & Miller, § 3721 at 348-51. Finally, all disputed questions of fact and all ambiguities in the controlling state law must be resolved in favor of the plaintiff. *Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995); *B Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981).

"Generally, the remand of a case that has been removed to federal court is governed by statutory provisions found at 28 U.S.C. §§ 1441(c) and 1447(c)." *Buchner v. F.D.I.C.*, 981 F.2d 816, 819 (5th Cir. 1993). Section 1441(c) provides:

> Whenever a separate and independent claim or cause of action within the jurisidiction conferred by section 1331 of this title [federal question jurisdiction], is jointed with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which state law predominates.

28 U.S.C. § 1441(c). Section 1447(c) provides in pertinent part:

> A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. §1447(c).

These two sections provide that district courts with the general authority to remand a case over which it has no subject matter jurisdiction. *See Buchner*, 981 F.2d at 819. Furthermore, a federal district court may assert lack of subject matter jurisdiction, *sua sponte*, at any time. *See Russell v. Choicepoint Servs., Inc.,* 302 F.Supp.2d 654 (E.D.La.2004); *Patterson v. Hamrick*, 885

F.Supp. 145 (E.D.La.1995); *Wright & Miller*, § 1350.

## III. ANALYSIS

The question before the Court is whether Defendant Allstate properly removed the instant action. Specifically, the issues are whether the Court has jurisdiction over the proceeding pursuant to 28 U.S.C. § 1332, and whether the suit was removed within the thirty days allowed for by 28 U.S.C. § 1446(b).

*A.     Amount in Controversy.*

28 U.S.C. § 1332 requires that the parties be of diverse citizenship and that the amount in controversy exceeds $75, 000. 28 U.S.C. § 1332 (2006). There is no contention that the parties are of diverse citizenship; thus, the question before the Court whether there is no subject matter jurisdiction over the dispute because the amount in controversy does not exceed $75,000. "Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages,[1] the removing defendant must proves by a preponderance of evidence that the amount in controversy exceeds $75, 000." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000) (*citing Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999); *see also Dinh v. Vessel American Freedom*, 2004 WL 258118, at *2 (E.D.La. Feb. 11, 2004) (Duval, J.).

---

[1] LA. CODE CIV. PROC. ANN. art. 893 (2006).

To do so, a defendant may demonstrate that the claims are likely above $75, 000 in sum or value, or by setting forth the facts in controversy that support a finding of the requisite amount. *Id.*

In situations where it is not facially apparent from the petition, the district court can then require parties to submit summary-judgment-type evidence, relevant to the amount in controversy at the time of removal. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 136 (5th Cir. 1995). Once a defendant has established, by a preponderance of the evidence, that the amount in controversy is sufficient to confer jurisdiction to the federal courts, the burden shifts back to the plaintiff to show, to a legal certainty, that the claim is really for less than the jurisdictional amount. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) ("*DeAguilar II*").

While it is well settled that the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists, *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253-54 (5th Cir.1961), we have applied different standards of proof depending upon whether the complaint alleges a dollar amount of damages. Where the plaintiff has alleged a sum certain that exceeds the requisite amount in controversy, that amount controls if made in good faith. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938)

In order for a court to refuse jurisdiction "it [must] appear to a legal certainty that the claim is really for less than the jurisdictional amount." Of course, if a plaintiff pleads damages less than the jurisdiction amount, he generally can bar a defendant from removal. Thus in the typical diversity case, the plaintiff remains the master of his complaint. *Allen,* 63 F.3d at 1335 (5th Cir. 1995).

If the defendant meets its burden of showing the requisite amount in controversy, the plaintiff can defeat removal only be establishing, with legal certainty, that the claims are for less than $75,000. *See De Aguilar,* 47 F.3d at 1411-12. Because Louisiana plaintiffs are not limited to recovery of the damages requested in their pleadings, a plaintiff must affirmatively renounce the right to accept a judgment in excess of $75,000 for his pre-removal state court pleadings and stipulations to bind him. (*See* 6/7/2006 Order, *Davis, et al v. State Farm Fire & Casualty, et al,* docket no.: 06-CV-0560. E.D. La.2006, p. 10 (*quoting* La.Code Civ. Proc. art. 862; *Crosby v. Lassen Canyon Nursery, Inc.,* 2003 WL 22533617 * 3 (E.D.La.2003)).

In *Davis*, Judge Vance addressed a plaintiff's post-removal attempt to reduce their claim for damages. In that case, the plaintiffs attempted to enter a stipulation that their damages did not exceed $75,000 in order to avoid federal jurisdiction. The Court held that the plaintiffs' original stipulation "does not establish to a legal certainty that the amount in controversy at the time of removal was less than $75,000 because it does not include a renunciation of the right to enforce a judgment in the amount greater than $75,000. *Id.* at *10. Moreover, such renunciation generally must be submitted together with the complaint. *Id.*

Only in limited circumstances will a court consider post-removal affidavits or stipulations. *Id.* "If the amount in controversy is ambiguous at the time of removal, the Court may consider a post-removal stipulation, but only to determine the amount of controversy as of the date of removal. *Id.*

Thus, the question here becomes whether Defendant has shown by a preponderance of evidence that the amount in controversy exceeds $75, 000, or that it is facially apparent from the

petition. If so, the next question is whether Plaintiff has met her burden of establishing to a legal certainty that the amount in controversy is less than the jurisdictional amount. The Court finds that it is facially apparent that the petition asserts a claim whose value is greater than $75, 000. Additionally, the Court finds that Plaintiff has not entered a formal stipulation to accept judgment less than $75, 000 to satisfy her burden.

Although Defendant alleges without specificity that Plaintiff's claims exceed $75, 000, the Court finds that it is facially apparent from the nature of the claims alleged in the Petition. Plaintiff avers that Hurricane Katrina cause "massive damage to [her] house." *See* Def.'s Notice of Removal, Attach. 1 "Petition", p.2 (Rec.Doc.No. 1). As a result of Defendant's alleged failures, Plaintiff contends that she is entitled to the following:

   a.   Full value of the property damage to Petitioner's property;
   b.   Loss of Use (i.e. Additional Living Expenses, Fair Rental Value, and Civil Authority Prohibits Use);
   c.   Recoverable depreciation;
   d.   Mold Damage and Remediation;
   e.   Debris Clean Up and Removal;
   f.   Cost of Compliance;
   g.   Arbitrary and Capricious Penalties and attorney's fees pursuant to LSA R.S. Arts. 22:1220 and 22:658.

*See* Def.'s Notice of Removal, Attach. 1 "Petition", p.3 (Rec.Doc.No. 1). Thus, the Court finds that it is facially apparent that the alleged massive damage coupled with claims for penalties and fees exceeds the jurisdictional amount such that diversity jurisdiction exists.

Consequently, the burden shifts to Plaintiff to show to a legal certainty that the amount in controversy is less than $75, 000. Plaintiff pleads "that the good faith amount in dispute is less than $75, 000." *See* Def.'s Notice of Removal, Attach. 1, p.3 (Rec.Doc.No. 1). Defendant

correctly notes that this does not amount to a binding stipulation. Moreover, the claims are unambiguously greater than the jurisdictional amount; therefore, post-removal affidavits or stipulations are not warranted. It is clear, thus, that Plaintiff's contention that the Court does not have subject matter jurisdiction over the action under 28 U.S.C. § 1332 is without merit.

   *B.*  *Timing of Removal*

   Plaintiff's second contention is that Defendant Allstate did not file its notice of removal within the thirty days required by 28 U.S.C. § 1446(b). The Court finds that this argument is without merit. The thirty day period for removal commences upon service of the pleading initiating the action. 28 U.S.C. § 1446(b). Section 1446(b) reads:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b). Plaintiff's petition was filed on July 10, 2006, and the notice of removal was filed on August 10, 2006. Even assuming service took place the same day the petition was filed, the removal took place within the thirty-day time limit. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Remand is hereby **DENIED** for the reasons assigned above.

New Orleans, Louisiana, on this  23rd  day of October, 2006.

                                               **STANWOOD R. DUVAL, JR.**
                                   **UNITED STATES DISTRICT COURT JUDGE**